796 F.2d 474
 55 USLW 2066, 1986-1 Trade Cases 67,172
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John M. Ratino, M.D., Appellant
v.
Medical Service of the District of Columbia (Blue Shield),
Montgomery County (Maryland) Medical Society, Inc., Stephen
M. Jones, M.D., Henry M. Wise, M.D. and Ira Miller, M.D.,
Appellees, and Robert A. Barnett, M.D. and Holy Cross
Hospital of Silver Spring, Inc., Defendants;
John M. Ratino, M.D., Appellee
v.
Medical Service of the District of Columbia (Blue Shield),
Robert A. Barnett, M.D., and Holy Cross Hospital of Silver
Spring, Inc., Defendants, and Montgomery County (Maryland)
Medical Society, Inc., Stephen M. Jones, M.D., Henry M.
Wise, M.D., and Ira Miller, M.D., Appellants;
John M. Ratino, M.D., Appellee
v.
Medical Service of the District of Columbia (Blue Shield),
Montgomery County (Maryland) Medical Society, Inc., Stephen
M. Jones, M.D., Robert A. Barnett, M.D., and Holy Cross
Hospital of Silver Spring, Inc., Defendants, and Henry M.
Wise, M.D. and Ira Miller, M.D., Appellants.
 85-1550(L), 85-1737, 85-1738.
 United States Court of Appeals, Fourth Circuit
 Decided June 26, 1986.
 
 Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 
 PER CURIAM
 
 1
 This case is before us for a second time. Dr. John M. Ratino originally brought this antitrust action in 1979 against the Medical Service of the District of Columbia (Blue Shield), the Montgomery County Medical Society (MCMS), and several individual MCMS officers. Ratino alleged that numerous activities of the defendants violated federal and state antitrust laws and constituted illegal price-fixing arrangements. The district court initially granted summary judgment in favor of the defendants on the federal claims and dismissed the pendent state claims for lack of jurisdiction. We affirmed in part, reversed in part, Ratino v. Medical Service of the District of Columbia, 718 F.2d 1260 (4th Cir.1983), and instructed the district court to grant Ratino a jury trial on his allegations of price-fixing. On remand, the parties conducted additional discovery, and, after a two week trial, the jury returned a verdict in favor of the defendants. The district court denied Ratino's motion to amend the judgment and his request for a new trial, and this appeal followed.
 
 
 2
 The facts in this case are set out in our earlier opinion, and there is no need to detail them here. The central issue on remand was whether Blue Shield's procedures for reimbursing physicians for services in fact constitutes a method by which physicians horizontally fix prices. In Arizona v. Maricopa County Medical Society, 457 U.S. 332 (1982), the Supreme Court held that physician control of reimbursement levels is a per se violation of section 1 of the Sherman Act, 15 U.S.C. Sec. 1 (1982). Evidence of the details of Blue Shield's reimbursement program was presented to the jury. Ratino presented no substantial evidence showing actual physician control of Blue Shield's reimbursement schedule. He was provided the opportunity to establish a factual basis for his allegations of a per se violation of the Sherman Act but failed. Additionally, he made no attempt to prove that the program violated the "rule of reason." See Continental T.V. Inc. v. GTE Sylvania, Inc., 433 U.S. 36 (1977). His contentions on appeal that the jury's verdict was against the weight of the evidence and that the district court erred in refusing to grant him a new trial are without merit. The judgment of the district court is affirmed.
 
 
 3
 Affirmed.